IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARIF AL-MASHHADANI | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. PJM-17-3077 |
| | | |
| JAY CHALLA, *Chairman* | * | |
| NAR KOPPULA, *President of Ace Info* | | |
|   *Solutions* | * | |
| ALAN KAUFAX, *Project Manager* | | |
| MARY KHATTAK, *Human Resources* | * | |
|   *Director* | | |
|     Defendants. | * | |

*****

## **MEMORANDUM OPINION**

On October 19, 2017, Plaintiff, a resident of Falls Church, Virginia, filed the instant employment discrimination Complaint against Defendants, Virginia residents, alleging that he was terminated from his employment based upon his race, religion, national origin, and disability. Plaintiff invokes federal district court diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1-5. For reasons to follow, the Complaint shall be transferred to the United States District Court for the Eastern District of Virginia.[1]

Defendants are all located in Virginia and, according to the Right to Sue letter submitted by Plaintiff, the party to the underlying discrimination charge was based in Virginia. ECF Nos. 1 & 1-4. There is no diversity among the parties.

Under Title 28 U.S.C. § 1391 (b), a civil action may be brought in--

---

[1] Plaintiff has filed Motions for Leave to Proceed In Forma Pauperis and for Appointment of an Attorney. ECF Nos. 3 & 4. A decision on these Motions shall be stayed pending review by the transferee court.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In enacting § 1391(b), it is evident that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among different districts. Rather, Congress intended to restrict venue to "either the residence of the defendants or to 'a place which may be more convenient to the litigants'- *i.e.,* both of them-'or to the witnesses who are to testify in the case.' " *Leroy v. Great Western United,* 443 U.S. 173, 185 (1979). In most cases, the purpose of a statutorily specified venue statute is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial. *Id.* at 183–84.

The named Defendants are located in Virginia, as is Plaintiff. Plaintiff's employment discrimination claims should be brought in the Eastern District of Virginia. 28 U.S.C. § 1406(a). *See In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255–256 (4th Cir. 2002) (transfer of case under § 1406(a) to any district which would have had venue if the case was originally brought in that district); *Waytes v. City of Charlottesville*, 153 F.3d 725 (4th Cir. 1998) (when confronted with a case laying venue in the wrong district, district court is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice).

Based on the Court's finding in the current action, transfer will occur pursuant to § 1406(a) to the United States District Court for the Eastern District of Virginia for all further proceedings. A separate Order follows.

November 14, 2017

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT COURT